**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| **GREENSPERFECTION, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Docket No. 3:16cv185-MPM-JMV |
| **THE TORO COMPANY,** | ) ) ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff GreensPerfection, LLC, for its Complaint, against The Toro Company, states the following:

### I. THE PARTIES

1. Plaintiff GreensPerfection, LLC ("GreensPerfection") is a limited liability company organized and existing under the laws of the State of Mississippi and having its principal place of business located at 6146 Fairlawn Cove, Olive Branch, Mississippi 38654.

2. Upon information and belief, Defendant The Toro Company ("Toro") is a corporation organized and existing under the laws of the State Delaware and having its principal place of business located at 8111 Lyndale Avenue South, Bloomington, Minnesota 56726. Toro is registered to do business in the State of Mississippi and can be served via its registered agent, National Registered Agents, Inc., 645 Lakeland East Dr., Ste. 101, Flowood, Mississippi 39232.

### II. JURISDICTION AND VENUE

3. This is an action against Toro for patent infringement, trademark infringement, and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125.

1

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, as it involves federal trademark law under the Lanham Act; under 28 U.S.C. § 1338(a), as it is a civil action arising under an Act of Congress relating to patents and trademarks, including 35 U.S.C. § 271 *et seq.*; under 28 U.S.C. § 1338(b) as it involves unfair competition related to a claim under trademark laws; under 28 U.S.C. § 1331 as it involves a federal question; and under 28 U.S.C. § 1332 as the action is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. This Court has personal jurisdiction over Toro based upon Toro offering to sell and/or selling its products in the State of Mississippi, based upon Toro's transaction of business in the State of Mississippi, and Toro's sufficient minimum contacts with the State of Mississippi. On information and belief, Toro offers to sell, sells, and distributes Toro's Infringing Product (defined *infra*) under the trademark PERFECTION (discussed *infra*), which infringes and/or induces the infringement of the '778 patent, to retailers within this District who then offer to sell and do sell Toro's Infringing Product under the PERFECTION Trademark to consumers within this District. As a result, Toro places the Infringing Product and in the stream of commerce where such products are sold in this District by distributors to consumers found in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

### III. BACKGROUND

7. GreensPerfection, through Lingle, its principal and president, produces one of the premier rotating turf brushes for greens, tees, fairways, and approaches for reducing grain and orienting the leaf blades in a vertical position for a superior cut.

2

8. GreensPerfection rotating brushes have been used in several major USGA Championships as well as many PGA tour events.

9. On April 1, 2014, the United States Patent Office lawfully issued U.S. Patent No. 8,683,778 ("the '778 Patent"), entitled "Turf Conditioning Method and Apparatus," for GreensPerfection's rotating turf brush. The '778 Patent shows Rodney Lingle ("Lingle") as the inventor and GreensPerfection as the assignee. A true and correct copy of the '778 Patent is attached as **Exhibit A**. A picture of the rotating brush covered by the '778 Patent is attached as **Exhibit B** and excerpted below.



*Figure 1: GreensPerfection's Rotating Brush Covered by the '778 Patent*

10. The '778 Patent is valid and subsisting in full force and effect.

3

11. Upon information and belief, Toro has made, used, sold, offered for sale, and/or imported a rotating brush under the trademark PERFECTION that infringes GreensPerfection '778 Patent directly and/or indirectly.

12. Since October 2010, GreensPerfection is also the owner of common law trademark rights for its word mark GREENSPERFECTION for rotating brushes used for turf conditioning, mowing equipment, parts, and accessories for use with turf conditioning, and mowing equipment.

13. On February 19, 2013, GreensPerfection obtained from the U.S. Patent and Trademark Office a federal trademark registration for its GREENSPERFECTION trademark, U.S. Registration No. 4,293,163, for use with "brushes being parts of or for use with turf conditioning and mowing equipment; parts and accessories for use with turf conditioning and mowing equipment, namely, brushes, rakes, and marking devices." A true and correct copy of GreensPerfection's federal trademark registration for its GREENSPERFECTION trademark, U.S. Registration No. 4,293,163, is attached as **Exhibit C**.

14. GreensPerfection's federal and common law GREENSPERFECTION trademarks are hereinafter collectively referred to as the "GREENSPERFECTION Trademarks."

15. GreensPerfection has been using the GREENSPERFECTION Trademarks in a prominent and distinctive manner in interstate commerce so as to distinguish the source of its goods from those of others, and has spent significant effort and sums of money in advertising and otherwise promoting the sale of its goods under the GREENSPERFECTION Trademarks throughout the United States.

16. As a result of GreensPerfection's long and exclusive use of its GREENSPERFECTION Trademarks, the large number of golf courses and businesses that use

GreensPerfection's goods, and the large amount of money spent or foregone for advertising and promotion of the goods sold under the GREENSPERFECTION Trademarks, the GREENSPERFECTION Trademarks have become, through widespread and favorable public acceptance and recognition, exclusive assets of substantial value as symbols of GreensPerfection, its quality of goods and its goodwill.

17. Due to GreensPerfection's use and promotion, the industry and purchasing public has come to know and recognize the GREENSPERFECTION Trademarks as a designation identifying GREENSPERFECTION as the source of premier rotating turf brushes and other goods for greens, tees, fairways and approaches. Accordingly, the GREENSPERFECTION Trademarks have developed and represent valuable goodwill which rightfully belongs exclusively to GreensPerfection.

## IV. THE CONTROVERSY

**A. GreensPerfection's Terminated Agreement with Toro.**

18. On or about December 19, 2012, GreensPerfection entered into an agreement with Toro under which Toro acquired a license to the '778 Patent and the GREENSPERFECTION Trademark, effective January 1, 2013, for a term of three years.

19. Pursuant to the agreement, on October 28, 2015, Toro served notice of non-renewal of the agreement. *See* Oct. 28, 2018 Notice of Non-Renewal from Toro, attached as **Exhibit D**.

20. In light of Toro's Notice of Non-Renewal, the agreement terminated on December 31, 2015. The prior agreement, which Toro terminated as of December 31, 2015, will be referred to as the "Terminated Agreement."[1]

---

[1] To be clear, this lawsuit does not concern a breach of the Terminated Agreement, and no such breach is alleged. Furthermore, the Terminated Agreement is subject to a confidentiality clause. For these reasons, GreensPerfection

5

**B.     Toro's Knowing & Willful Infringement.**

21.    Upon information and belief, starting January 1, 2016, and continuing to date, Toro has knowingly and willfully infringed on the '778 Patent

22.    On or about January 11, 2016, Toro sent to GreensPerfection an unsolicited proposed Amendment of the Terminated Agreement (the "Proposed Amendment"). *See* Proposed Amendment, attached as **Exhibit E**. The Proposed Amendment asked GreensPerfection (1) to agree that Toro's new proposed rotating brush design does not infringe the '778 Patent and (2) to grant Toro a "paid-up, worldwide, perpetual right to call [Toro's] rotating brushes Perfection brushes, whether or not such brushes infringe the ['778 Patent]." *Id.*.

23.    In seeking to revive the Terminated Agreement, Toro plainly acknowledged that its rotating Perfection brush infringes the '778 Patent.

24.    On or about March 11, 2016, GreensPerfection rejected Toro's Proposed Amendment.

25.    On or about February 11, 2016, Lingle attended the 2016 Golf Industry Show in San Diego, California.

26.    While there, Lingle learned that Toro was continuing to market, advertise, and sell the Toro rotating brush under the "Perfection" name despite Toro's non-renewal of the Terminated Agreement, infringing upon the '778 Patent and the GREENSPERFECTION Trademarks. True and correct copies of picture taken at the Golf Industry Show showing Toro marketing, advertising, and selling a rotating brush that infringes the '778 Patent and the GREENSPERFECTION Trademarks are attached as collective **Exhibit F** and excerpted below:

---

has not attached the Terminated Agreement to its Complaint. If necessary, GreensPerfection will seek leave to file the Terminated Agreement under seal with the Court.



*Figure 2: Toro's Mower at the February 2016 Golf Industry Show Featuring the Perfection Brush*



*Figure 3: Toro's Brush Display at the February 2016 Golf Industry Show Featuring the Perfection Brush*

27. On or about March 8, 2016, counsel for GreensPerfection contacted counsel for Toro in regards to Toro's continued distribution of the infringing rotating brush under the "Perfection" brand.

28. Following that call and, Toro again proposed an amendment of the Terminated Agreement, thereby further acknowledging Toro's infringement of the '778 Patent and the GREENSPERFECTION Trademark. In the Second Proposed Amendment, Toro offered to "refrain from using the PERFECTION name," to "promptly remove the PERFECTION name from [Toro's] electronic materials," and to "promptly take steps to remove the PERFECTION name from [Toro's] print materials." *See* Mar. 30, 2016 Letter from Toro, attached as **Exhibit G**.

29. On May 18, 2016, the parties again spoke regarding Toro's offer, and GreensPerfection again rejected Toro's offer.

30. On June 16, 2016, counsel for Toro contacted GreensPerfection and again acknowledged Toro's infringement of the '778 Patent and the GREENSPERFECTION Trademark when Toro stated that it "would like to settle up with Mr. Lingle by (i) eliminating all use of the PERFECTION name on our brushes ASAP; and (ii) agreeing to pay him $20/brush for Lingle brushes (i.e. the straight brushes that fall within the claims of his patent) we sell in 2016." *See* June 16, 2016 Email from Toro, attached as **Exhibit H**. Toro stated that "[w]hile we were paying Mr. Lingle $83/brush during the term of the contract [the Terminated Agreement], $20/brush seems more reasonable for this transition year given that we have no exclusivity and there are no consulting obligations on Mr. Lingle's part. If the trademark/patent plan outlined above is acceptable to Mr. Lingle, we will clean up any residual use of the PERFECTION name; and at the end of the year pay him the $20/Lingle brush." *Id.*

31. On June 20, 2016, GreensPerfection rejected this offer and demanded: (i) that "The Toro Company provide an accounting of all units sold from January 1, 2013 until June 30, 2016 and payment of an $83/unit royalty on all of the units sold that Mr. Lingle has not been compensated for yet;" (ii) that "The Toro Company discontinue sales of the brushes designed by Rodney Lingle;" (iii) that "the remaining stock [of Toro's infringing product be] destroyed, no later than June 30, 2016; and (iv) that Toro "refrain from using any reference to "Perfection" in association with mower brushes." *See* June 20, 2016 Letter from GreensPerfection, attached as **Exhibit I**.

32. On July 15, 2016, Toro responded and stated that it "had 1,013 Lingle brushes in our inventory as of January 1, 2016" and that "**we have sold, or will sell, 712 Lingle brushes following the expiration of the exclusive license** . . . ." *See* July 15, 2016 Email from Toro, attached as **Exhibit J** (emphasis in original). As of the July 15, 2016 email, Toro stated that it is still selling a rotating brush that infringes the '778 Patent: "We are no longer making Lingle brushes; *and once our inventory of Lingle brushes runs out*, we will no longer make or sell Lingle brushes. *We would propose paying Mr. Lingle $30k for a paid-up license for our 2016 sales to date, and to sell off our remaining Lingle brushes*." *Id.* (emphasis added).

33. Toro's repeated refusal to cease distribution of a rotating brush that infringes GreensPerfection's '778 Patent and its GREENSPERFECTION Trademarks has left the Court as GreensPerfection's only avenue of meaningful recourse.

**C.   Toro's Infringing Product.**

34. On information and belief, Toro has been making, has had made, and/or has been importing and also has been using, offering to sell, and selling a rotating brush in direct competition with GreensPerfection's patented rotating brush (the "Toro Infringing Product")

9

under the trademark PERFECTION since Toro's intentional non-renewal of the Terminated Agreement and since the parties' last communication on July 15, 2016. The Toro Infringing Product is currently advertised on its Toro's website (www.toro.com) as shows in the printout attached as **Exhibit K** (with the Toro Infringing Product outlined in red).

35. Toro currently has no license of the '778 Patent.

36. Toro does not acquire the Toro Infringing Product from a licensee of the '778 Patent.

37. The Toro Infringing Product infringes one or more claims of the '778 Patent.

38. Toro distributes the Toro Infringing Product through various distributors, who then sell the Toro Infringing Product to consumers.

39. Since Toro's intentional non-renewal of the Terminated Agreement and before GreensPerfection's Complaint was filed against Toro in this Action and without GreensPerfection's permission, Toro has made, used, sold, and/or offered to sell within the United States, and/or imported into the United States, the Toro Infringing Product to distributors encouraging direct consumers to use the Toro Infringing Product to infringe one or more claims of GreensPerfection's '778 Patent in violation of GreensPerfection's exclusive rights.

40. Before Complaint was filed against Toro in this Action, Toro has advertised and promoted the use of the Toro Infringing Product under the trademark PERFECTION in a manner infringing GreensPerfection's GREENSPERFECTION Trademark.

41. The PERFECTION mark is confusingly similar to GreensPerfection's well-known GREENSPERFECTION Trademarks in sound, appearance and meaning. Indeed, the only difference between the parties' marks is the deletion of the word "greens."

42. The PERFECTION mark is being used in connection with rotating brushes for greens, tees, fairways, and approaches, that travel in and are promoted through some of the same channels of trade for sale to, and use by, some of the same classes of purchasers for GreensPerfection's rotating turf brushes and sold under GreensPerfection's GREENSPERFECTION Trademarks.

43. Toro's uses of the PERFECTION name are likely to cause consumer confusion as to the source of Toro's rotating brushes for turf conditioning or to cause consumers to be mistaken or deceived as to the origin, affiliation, connection, or association of Toro with GreensPerfection, or as to the sponsorship or approval of Toro's goods, services or commercial activity by GreensPerfection.

44. Toro knew of GreensPerfection's prior use of its GREENSPERFECTION Trademarks in the golf course products industry by way of the Terminated Agreement and as evidenced by Toro's unsolicited Proposed Amendment and Toro's repeated statements that it would cease use of the infringing PERFECTION trademark. Toro's actions were therefore intentional and calculated to deceive and in fact do deceive the purchasing public.

V. CAUSES OF ACTION

COUNT I
INFRINGEMENT OF THE '778 PATENT BY THE TORO INFRINGING PRODUCT

45. GreensPerfection incorporates and realleges the foregoing paragraphs as if fully set forth herein.

46. On information and belief, Toro, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe the '778 Patent directly, literally, and/or by equivalents.

47. On information and belief, Toro has infringed and continues to infringe the '778 Patent literally and/or by equivalents under 35 U.S.C. § 271 by making, using, offering for sale, selling and/or importing the Toro Infringing Product.

48. Upon information and belief, Toro has been and is willfully infringing the '778 patent.

49. It is believed that Toro will continue to manufacture and offer for sale the Toro Infringing Product unless enjoined from doing so, causing GreensPerfection irreparable harm.

50. Toro's conduct shows a lack of the required duty to avoid infringement of the '778 patent such that this is an exceptional case; therefore, GreensPerfection should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

51. Pursuant to 35 U.S.C. § 284, GreensPerfection is entitled to enhanced damages for infringement of the '778 patent by Toro, up to treble damages.

52. Pursuant to 35 U.S.C. § 283, GreensPerfection is entitled to a preliminary and permanent injunction against further infringement of the '778 patent by Toro.

## COUNT II
## INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

53. GreensPerfection incorporates and realleges the foregoing paragraphs as if fully set forth herein.

54. Toro has infringed GreensPerfection's federally registered GREENSPERFECTION Trademarks in interstate commerce by various acts, including, without limitation, purporting to offer for sale, promote, and advertise the sale of rotating brushes for turf conditioning under the PERFECTION Trademark, which is confusingly similar to GreensPerfection's federally registered GREENSPERFECTION Trademark.

55. Toro's uses of the PERFECTION Trademark for its rotating brushes for turf conditioning is currently without GreensPerfection permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public and also constitutes initial interest confusion.

56. Toro's uses of the PERFECTION Trademark has been made notwithstanding GreensPerfection's well-known and prior established rights in the GREENSPERFECTION Trademarks with actual notice of GreensPerfection's federal trademark registration and constructive notice of GreensPerfection's federal registration rights under 15 U.S.C. § 1072.

57. Toro's conduct constitutes infringement of the federally registered GREENSPERFECTION Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

58. Toro's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to GreensPerfection's business, reputation and good will in the federally registered GreensPerfection Trademarks, for which GreensPerfection has no adequate remedy at law.

## COUNT III
## UNFAIR COMPETITION

59. GreensPerfection incorporates and realleges the foregoing paragraphs as if fully set forth herein.

60. Toro's unauthorized uses in commerce of the PERFECTION Trademark, which is confusingly similar to GreensPerfection's GREENSPERFECTION Trademarks, falsely designates the origin or association of Toro's products with GreensPerfection. Such use will inevitably cause consumer confusion or mistake and will deceive the consuming public into believing that there exists an affiliation, connection or association between Toro and

13

GreensPerfection as to the origin, sponsorship, or approval of Toro's products. Such conduct constitutes false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

61. Toro's wrongful activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to GreensPerfection's business, reputation and good will in GreensPerfection's GREENSPERFECTION Trademarks, for which GREENSPERFECTION has no adequate remedy at law.

## VI. PRAYER FOR RELIEF

WHEREFORE, GreensPerfection respectfully requests that the Court enter a judgment against Toro as follows:

A. Determining that Toro has infringed and continues to infringe one or more claims of the '778 Patent;

B. Preliminarily and permanently enjoining Toro, its respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with it, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the '778 Patent;

C. Ordering Toro to account for and pay to GreensPerfection all damages suffered by GreensPerfection as a consequence of Toro's infringement of the '778 Patent;

D. Trebling or otherwise increasing GreensPerfection's damages under 35 U.S.C. § 284 on the grounds that Toro's infringement of the '778 Patent was and is deliberate and willful;

E. Preliminarily and permanently enjoining Toro, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Toro:

    i. from using the PERFECTION mark, or any other designations or trademarks likely to cause confusion with GreensPerfection's

      GREENSPERFECTION Trademarks for rotating brushes for turf conditioning and related goods or services;

  ii.  from otherwise infringing upon GreensPerfection's rights in and to GreensPerfection's GREENSPERFECTION Trademarks and from otherwise unfairly competing with GreensPerfection in any manner whatsoever; and

  iii.  from producing, advertising, promoting, offering for sale and selling rotating brushes for turf conditioning or related products or services under the PERFECTION mark or any other designation likely to cause confusion with GreensPerfection's GREENSPERFECTION Trademarks;

  F.  Ordering Toro to deliver up for destruction its documents, signs, forms, advertisements, business cards, labels, letterheads and other representations and means for reproducing the same or any printed material bearing the PERFECTION mark or any designation or mark likely to cause confusion with GreensPerfection's GREENSPERFECTION Trademarks being used in connection with rotating brushes for turf conditioning or any other related products or services, and to obliterate, destroy or remove all other uses or marks likely to cause confusion with GreensPerfection's GREENSPERFECTION Trademarks;

  G.  Directing Toro to file with the Court and serve on GreensPerfection, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Toro has complied with the injunction;

  H.  Adjudging and decreeing that Toro's use of the infringing PERFECTION mark is in violation of 15 U.S.C. § 1114, serves to designate falsely the origin of Toro's products, and constitutes unfair competition in violation of 15 U.S.C. § 1125;

  I.  Adjudging and decreeing that any use by Toro of its infringing PERFECTION mark in conjunction with rotating brushes for turf conditioning or any other related products or services, will inevitably cause confusion or mistake or deceive the consuming public into believing that there exists an affiliation, connection or association between Toro and

GreensPerfection as to the origin, sponsorship, or approval of Toro's products and would constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125;

J. Adjudging and decreeing that a likelihood of confusion exists between GreensPerfection's GREENSPERFECTION Trademarks and Toro's infringing PERFECTION mark;

K. Requiring a full and complete accounting of all monies received by Toro as a result of the wrongful offering for sale or sale of rotating brushes for turf conditioning or any other related products or services under the PERFECTION mark, together with an order transferring to GreensPerfection any amounts found to be due to Toro;

L. Awarding GreensPerfection Toro's profits or GreensPerfection's damages from lost sales after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117.

M. Declaring that this case is exceptional and awarding GreensPerfection its costs and reasonable attorneys' fees in accordance with 35 U.S.C. § 285 and 15 U.S.C. § 1117;

N. Awarding interest on all monies found to be due to GreensPerfection from Toro, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due.

O. Requiring Toro to notify its commercial licensees, dealers, associates, suppliers and customers of said Court Order.

P. Awarding GreensPerfection such other and further relief as this Court may deem just and proper.

## VII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, GreensPerfection hereby requests a trial by jury for all issues so triable.

Dated: August 9, 2016.

>Respectfully submitted,
>
>By: s/ Zachary B. Busey
>Tony Alexander (TN Bar No. 31506)
>(*Motion for Admission Pro Hac Vice Forthcoming*)
>Nicholas L. Vescovo (TN Bar No. 30387)
>(*Motion for Admission Pro Hac Vice Forthcoming*)
>Zachary B. Busey (Miss. Bar No. 103793)
>BAKER, DONELSON, BEARMAN,
>  CALDWELL & BERKOWITZ, PC
>First Tennessee Building
>165 Madison Avenue, Suite 2000
>Memphis, Tennessee 38103
>Telephone: (901) 577-8103
>Facsimile: (901) 577-0801
>E-mail: talexander@bakerdonelson.com
>E-mail: nvescovo@bakerdonelson.com
>E-mail: zbusey@bakerdonelson.com
>
>*Attorneys for Plaintiff GreensPerfection, LLC*